UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:04-cr-019-01 (LJM/KPF) |
| ) | |
| TIMOTHY RAGSDALE, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Larry J. McKinney, Judge, on June 8, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on May 24, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(I) and 3583(e).

All proceedings in this matter were held on June 15, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by Jim Warden, Assistant United States Attorney. The defendant appeared in person and by appointed counsel, William Dazey, Office of the Indiana Federal Community Defender. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer, and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Ragsdale in regard to the Petition for Revocation of Supervised Release, filed on May 24, 2011.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Ragsdale and his counsel who informed the Court that they had read and understood the specifications of the alleged violations and waived further reading thereof.

3. Mr. Ragsdale was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Ragsdale would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Ragsdale had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Ragsdale had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on June 8, 2011.

7. Mr. Ragsdale stated his readiness to waive the preliminary hearing regarding the Petition under consideration. Mr. Ragsdale then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Ragsdale, by counsel, stipulated that he committed the specification of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | The offender has submitted three positive urine drug screens for the following illegal and prescription drugs: methadone on March 1, 2011; morphine on March 15, 2011; and marijuana on May 18, 2011. The offender admitted he purchased the morphine and methadone pills from another resident at Volunteers of America and knowingly took these drugs without a valid prescription. The offender admitted smoking marijuana on May 18, 2011, while he was at his employment. |
| 4 | **"The defendant shall reside for a period of up to 120 days at a community corrections center as directed by the probation officer and shall observe the rules of that facility."** |
| | The offender has incurred multiple violations of policy as a resident of Volunteers of America. On March 9, 2011, the offender incurred an "out of place" violation, as he left his employment early and did not return to the facility for over five hours. The offender claimed he was assisting a co-worker with a personal problem. |
| | On May 5, 2011, the offender was allowed to leave the facility to fill his prescription for hydrocodone at Wishard Hospital. Upon his return to the facility, the offender's prescription bottle contained only 60 pills, though the prescribed amount is 90 pills. The offender admitted to this officer that he concealed 30 pills on his person, as he |

did not agree with the medication disbursement protocol of Volunteers of America.

As of May 20, 2011, the offender was six weeks delinquent in paying subsistence to Volunteers of America, with his last payment on April 7, 2011. The offender has had two employers during the last two months and claims his income as a barber has substantially decreased in the last 30 days.

**5**      **"The defendant shall participate in a program of testing for substance abuse and shall pay a portion f the fees of testing as directed by the probation officer."**

The offender failed to report for two scheduled drug treatment counseling sessions on April 6, 2011, and May 16, 2011.

9. The Court then placed Mr. Ragsdale under oath and inquired directly of him whether he admitted the violations of the specifications of his supervised release set forth above. Mr. Ragsdale stated that he admitted the above violations of his supervised release as set forth.

Counsel for the parties further stipulated to the following:

(1) Mr. Ragsdale has a relevant criminal history category of IV. *See,* U.S.S.G. §7B1.4(1).

(2) The most serious grade of violation committed by Mr. Ragsdale constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Ragsdale is 364 days.

(4) The parties did not agree as to the disposition of this case.

10. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court having heard the evidence and/or arguments of Mr. Ragsdale, his counsel and the government, **NOW FINDS** that Mr. Ragsdale violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release.

Mr. Ragsdale's supervised release is therefore **MODIFIED** and he is to reside at a community corrections center, preferably, Volunteers of America, in Indianapolis, Indiana for a period of 180 days. At the conclusion of Mr. Ragsdale's residency at Volunteers of America, he will be subject to the previously-ordered conditions of supervised release imposed at sentencing.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Ragsdale's supervised release.

**IT IS SO RECOMMENDED** this 20th day of June, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Jim Warden,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Dazey,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service