UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:04-cr-0019 LJM-KPF |
| | ) | |
| TIMOTHY RAGSDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on October 14, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on October 11, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on October 14, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] The government appeared by James Warden, Assistant United States Attorney; the defendant appeared in person with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender; and Chris Dougherty, U.S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Dazey, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Ragsdale in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Ragsdale and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Ragsdale was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Ragsdale would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Ragsdale had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Ragsdale had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation on October 14, 2011.

7. Mr. Dazey stated that Timothy Ragsdale would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Ragsdale orally waived the preliminary examination and he was held to answer.

8. Mr. Ragsdale, by counsel, stipulated that he committed specifications of violations numbered 1, 2, 3 and 4 set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered."** |
| | The offender has submitted three urine drug screens which tested positive for morphine, which is consistent with his admission of heroin use. The positive screens were submitted on August 23, 2011; September 9, 2011; and September 26, 2011. |
| 4 | **"The defendant shall participate in a program of testing for substance abuse and shall pay a portion of the fees of testing as directed by the probation officer."** |
| | The offender failed to report for two scheduled drug treatment counseling sessions on July 25, 2011, and August 1, 2011. The offender has failed to pay any money toward his $150 substance abuse co-pay fee. |

The Court placed Mr. Ragsdale under oath and directly inquired of him whether he admitted specifications of violations of her supervised release set forth above. Mr. Ragsdale stated that he admitted the above violations as set forth. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

- 3 -

1) Mr. Ragsdale has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Ragsdale constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Ragsdale is 364 days.

The parties agreed on the appropriate disposition of the case as follows:

a. The defendant be sentenced to a period of confinement of 332 days in the custody of the Attorney General.

b. Upon completion of confinement, the defendant will not be subject to supervised release.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Ragsdale violated the specified conditions of supervised release as delineated in the Petition to Revoke his supervised release.

Mr. Ragsdale's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 332 days. It is recommended that defendant be designated by the Bureau of Prisons to a federal institution nearest to Indianapolis, Indiana. Upon release from confinement, Mr. Ragsdale will not be subject to supervised release.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Ragsdale stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Ragsdale entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Ragsdale's supervised release and imposing a sentence of imprisonment of 332 days in the custody of the Attorney General. It is recommended that Mr. Ragsdale be designated to a federal institution nearest to Indianapolis, Indiana. Upon Mr. Ragsdale's release from confinement, he will not be subject to a term of supervised release.

IT IS SO RECOMMENDED this 25th day of October, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

James Warden,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal